USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/13/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
AUTURO YEREMIS,                                   :
                                                  : Case No. 20-CV-04723-GHW
                          Plaintiff,              :
                                                  : Hon. Gregory Woods
            --against—                            :
                                                  :
AMERIT FLEET SOLUTIONS, CHARTER                   : **MEMORANDUM ENDORSED**
COMMUNICATIONS INC., A-1 ALL GERMAN               :
CAR CORPORATION,                                  :
                                                  :
                          Defendants.             :
---------------------------------------------------------------x

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

### RESPONSIVE TO PLAINTIFF'S FIRST REQUEST FOR DOCUMENTS

Kimberly E. Lunetta
Attorneys for Defendants
Charter Communications, Inc.
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, NY 10178

Liliya Perelman Kramer
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178

Jonathan Mark Kashimer
Law Office of Jonathan M. Kashimer, P.C.
Attorneys for Defendants
A-1 All German Car Corp.
224 Nassau Blvd., SO
Garden City So., NY 11530

Dennis Cecil Hopkins
Perkins Coie, LLP
Attorneys for Defendants
Amerit Fleet Solutions
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFF'S FIRST REQUEST FOR DOCUMENTS

Plaintiff Arturo Yeremis respectfully, by his undersigned counsel of records, submit this Motion pursuant to Rule 37(a)(3)(B)(iv) of the Federal Rule of Civil Procedure, to compel Defendants to produce documents responsive to Plaintiff's First Request for the Production of Documents. For the reasons set forth below, this Court should grant Plaintiff's Motion to Compel Production of Documents Responsive to Plaintiff's First Request for Documents.

1. Charter Communications, owns or is in control of 401 West 219th Street, New York, N.Y.

2. In 401 West 219th Street, New York, N.Y., there are lockers inside the building where employees can store tools or other personal property.

3. Defendant Charter Communications Inc., herein after referred to as Charter Communications Inc., has an arrangement with Amerit Fleet Solutions, that they can utilize part of the property known as 401 219th Street, New York, N.Y., to occupy and use a portion of the aforesaid mentioned facility. Kindly produce a copy of the authorization in writing which permits Amerit Fleet solutions to utilize a portion of Charter Communications' facility at 401 West 219th Street, New York, N.Y.

4. By whom is Arben employed?

5. Did Amerit Fleet Solutions occupied this premise pursuant to a lease agreement;

    5(a).   If the answer to question 5 is yes, when was the lease executed?

    5(b).   Please produce a copy of the lease.

    5(c).   Did the lease permit Amerit Fleet Solutions, to use the locker area in the building?

    5(d).   Was the lease in full force and effect on May 30, 2019?

    5(e).   On May 30, 2019, did Amerit Fleet Solutions, employ a security guard?

5(f).   Please identify and provide addresses of all security guards working from 8:00pm to 6:00am, around that time, specifically, the security guard who worked on January 24, 2020 & February 24, 2020 at around 6:00pm.

## CONCLUSION

Plaintiff asks the Court to Compel Amerit Fleet Solutions and Charter Communications Inc., to produce documents responsive to Plaintiff's First Request for Documents.

November 11, 2020

Respectfully Submitted

Leonard Zack
Attorney for Plaintiff
501 Madison Avenue, Suite 803
New York, NY 10022
Ph. 212-754-4050

3

## ATTORNEY VERIFICATION

I Leonard Zack attorney for Plaintiff Arturo Yeremis hereby certify that I have moved in good faith to obtain the disclosure requested herein, by asking both Charter attorneys Liliya Perelman Kramer, by telephone each of these questions posed herein on behalf of Charter Communications, Inc. And, I asked by telephone with Dennis Cecil Hopkins, attorney for Amerit Fleet Solutions, the answer to questions 1 through 5, as the answers have a direct bearing on the liability of the parties and my attempts to amicably resolve this case on behalf of the Plaintiff Arturo Yeremis.

Neither attorneys was able to answer the questions. But, they agreed to seek the answers.

In twenty (20) days, I will ask both lawyers again if they have learned the answers.

_____

Application denied.  Pursuant to the Court's Individual Rule 2(C), pre-motion submissions are required for motions concerning discovery.  Plaintiff did not file a pre-motion submission before filing this motion to compel.

Moreover, Plaintiff's submission is improper under the Federal Rules of Civil Procedure.  Plaintiff brings his motion under Fed. R. Civ. P. 37(a)(3)(B)(iv), but Defendants have not "fail[ed] to produce documents . . . as requested under Rule 34."  Plaintiff represents that he verbally asked Defendants for answers to his questions, and that Defendants "agreed to seek answers."  Plaintiff has not served written requests for production under Rule 34 on Defendants, instead including his requests in this motion.  Even if this motion could be deemed to be Plaintiff's requests for production, the party to whom the request is directed has 30 days to respond.  Fed. R. Civ. P. 34(b)(2)(A).  And, if this is a request for production, the rules do not permit counsel to file it on the docket. See Fed. R. Civ. P. 5(d)(1)(A).  Moreover, under Fed. R. Civ. P. 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."  Plaintiff has not shown that the parties have conferred as required by Rule 26(f).  The Court will set a discovery schedule at the initial pretrial conference scheduled for December 1, 2020 at 4:00 p.m.  Plaintiff is directed to review and comply with the Court's Individual Rules of Practice in Civil Cases and the provisions of the Federal Rules of Civil Procedural relevant to any submission to the Court.  In sum, this submission evidences a profound lack of understanding of the Federal Rules of Civil Procedure.  Counsel is reminded that failure to comply with the Federal Rules of Civil Procedure and the Court's Individual Rules may result in the imposition of sanctions, and that, by signing documents presented to the Court, he is making the certifications established under Fed. R. Civ. P. 11.

SO ORDERED.

Dated:  November 12, 2020
New York, New York

5

_____
GREGORY H. WOODS
United States District Judge