UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/2021

------------------------------------------------------------X

ARTURO YEREMIS,                          :
                                         :
                          Plaintiff,     :
                                         :
        -against-                        :            1:20-cv-04723-GHW
                                         :
AMERIT FLEET SOLUTIONS, CHARTER          :            ORDER
COMMUNICATIONS INC., and A-1 ALL         :
GERMAN CAR CORPORATION,                  :
                                         :
                          Defendants.    :
------------------------------------------------------------X

-

**GREGORY H. WOODS,** United States District Judge:

On April 21, 2021, the Court issued an opinion stating its intention to sanction Leonard

Zack. Dkt. No. 101 (the "Sanctions Opinion"). As that opinion described, Mr. Zack "filed a

motion that was completely without merit notwithstanding notice of its deficiencies," leading the

Court to conclude that he had acted in bad faith. *Id.* at 1. The Sanctions Opinion concluded that

"[t]o mitigate the prejudicial effect of Mr. Zack's frivolous motion practice on the defendants, the

Court expects to order Mr. Zack to pay all or a portion of the reasonable fees and expenses that the

defendants incurred in responding to Mr. Zack's motion to compel." *Id.* at 22. The Court deferred

the determination of the appropriate amount of sanctions until it had received fee applications from

the defendants "and any feedback from Mr. Zack regarding his ability to pay those amounts." *Id.* at

23.

Mr. Zack submitted a letter in response to the Court's order on May 4, 2021. Dkt. No. 103.

Mr. Zack wrote "not to excuse" his actions, "but to provide background" and inform the Court of

his current status. *Id.* The Court understands from Mr. Zack's letter that, due to failing health and

memory, he has been advised to retire from the practice of law, and that he had been in the process

of withdrawing from his cases before the issuance of the Court's order. Mr. Zack's letter requests

that the Court reconsider the decision to sanction him.

Reconsideration of the decision to sanction Mr. Zack for his conduct is not warranted. "Motions for reconsideration are governed by Local Civil Rule 6.3, which provides that the moving party shall set forth the matters or controlling decisions which counsel believes the Court has overlooked. Motions for reconsideration are . . . committed to the sound discretion of the district court. The standard for granting a motion for reconsideration is strict, however, and such a motion is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. As such, reconsideration should be granted only when the moving party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, 322 F.R.D. 442, 445 (S.D.N.Y. 2017) (internal quotation marks and citations omitted). Mr. Zack's letter provides context for his conduct. But Mr. Zack's letter provides no new material facts or law. The Court did not err in imposing sanctions on a lawyer who engaged in the conduct described in the Court's order—it was sanctionable. And, as Mr. Zack writes, his condition does not excuse that conduct. Nor does it reduce the impact of his conduct on the other parties.

The information contained in Mr. Zack's letter is, however, significant in the Court's assessment of the appropriate amount of a sanction to impose here. As described in the Sanctions Opinion, one factor to be considered by the Court is "what amount . . . is needed to deter that person from repetition [of the sanctionable conduct] in the same case." *Colliton v. Cravath, Swaine & Moore LLP*, 08 Civ 0400(NRB), 2008 WL 4386764 at *12 (S.D.N.Y. Sept. 24, 2008) (quoting *Kochisarli v. Tenoso*, No. 02-CV-4320, 2006 WL 721509, at *8 (E.D.N.Y. Mar. 21, 2006)); *see also* Fed. R. Civ. P. 11, 1993 Advisory Committee Notes. The Court understands that Mr. Zack has decided to retire from the practice of law, and to withdraw from this case, as a result of the conditions described in his letter. Therefore, the Court does not believe that any monetary sanction is

necessary to deter him from repeating similar conduct in this (or any other) case. For that reason, and out of respect for Mr. Zack's years of service, the Court is not imposing a monetary sanction on Mr. Zack at this time.

Defendants need not submit an accounting of the costs they incurred in responding to the frivolous motion to compel. The Court expects that Mr. Zack will promptly file a motion to withdraw from his representation of Mr. Yeremis in this case pursuant to Local Rule 1.4. That application should be filed no later than May 21, 2021. If Mr. Yeremis is unable to identify substitute counsel in this case, the Court expects that Mr. Yeremis will either elect to proceed *pro se* or that he will dismiss the action.

Given that Mr. Zack is not capable of acting as counsel for Mr. Yeremis at this time, the Court is staying this action for thirty days to permit Mr. Zack to file his application to withdraw, and for Mr. Yeremis to identify alternative counsel.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 103, and to note the stay of this case on the docket.

SO ORDERED.

Dated: May 9, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge